FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

16 AUG -8 PM 12: 04

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

BEVERLY ADKINS,

    Plaintiff,

v.

JIMMY JOHN'S OF ESTERO, INC.
A Florida Profit Corporation,

    Defendant.
_____/

CASE NO.:

2:16-CV-617-FtM-38MRM

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BEVERLY ADKINS ("Plaintiff"), by and her undersigned counsel, files this Complaint against Defendant, JIMMY JOHN'S OF ESTERO, INC., a Florida Profit Corporation, ("Defendant"), and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b) and §213(a)(3).

3. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

### PARTIES

4. At all times material to this action, Plaintiff was, and continues to be, a

resident of Collier County, Florida.

5. At all times material to this action, Defendant JIMMY JOHN'S OF ESTERO, INC, was a Florida Profit Corporation. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business, among other counties, in Lee County, Florida.

6. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as cash registers, telephones, cleaning supplies and office supplies, which were used directly in furtherance of Defendant's commercial activity of running a restaurant.

13.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

### STATEMENT OF FACTS

14.    On or about May 16, 2015, Defendant hired Plaintiff to work as an hourly paid driver. Plaintiff was employed by Defendant in this position through February 6, 2016.

15.    Plaintiff's job duties included, but were not limited to, making deliveries and, at times, working the whole day in store performing non-tipped work such as making sandwiches, doing dishes and mopping for the Defendant's business.

16.    In one or more workweeks between May 16, 2015, to February 6, 2016, Defendant failed to pay Plaintiff at least the applicable minimum wage for all hours worked. Specifically, throughout her employment with Defendant, Plaintiff was paid at the tipped minimum wage even when performing significant schedules of non-tipped work each day. This resulted in a minimum wage deficiency under the FLSA.

17.    Plaintiff should be compensated at a rate not lower than the applicable minimum wage rate from May 16, 2015, to February 6, 2016, for all hours worked while performing significant schedules of non-tipped work each day.

18.    Plaintiff should be compensated at least the applicable minimum wage for all hours worked as required by the FLSA.

19.    Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

20.    Defendant has violated Title 29 U.S.C. §206 during the term of Plaintiff's employment, in that:

  a. Defendant has failed to pay Plaintiff proper minimum wage for all of her hours worked for Defendant as required by the FLSA;

  b. No payments, and provisions for payment, have been made by Defendant to properly compensate at the statutory minimum wage for each hour worked as provided by the FLSA; and

  c. Upon information and belief, Defendant has failed to maintain proper time and pay records as mandated by the FLSA.

21. Defendant's failure and/or refusal to properly compensate Plaintiff at the rate and amount required by the FLSA was and is willful, as Defendant knew or should have known that failure to pay Plaintiff minimum wage was in violation of the FLSA.

22. Plaintiff complained regarding the failure to pay proper minimum wages and made it clear to Defendant that she planned to go to court if necessary to vindicate her legal rights, and, two days later, she was terminated.

23. It is clear that Defendant terminated Plaintiff's employment, in whole or in part, because she complained regarding the non-payment of minimum wages at Defendant's establishment.

24. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

25. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

26. Defendant has violated Title 29 U.S.C. §215(a)(3), in that, it has discriminated and retaliated against Plaintiff for exercising her rights under the FLSA.

27. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to

represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLSA – UNLAWFUL RETALIATION

28. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-27 of the Complaint as if fully set forth herein.

29. Plaintiff complained regarding the failure to pay proper minimum wages and made it clear to Defendant that she planned to go to court if necessary to vindicate her legal rights, and, two days later, she was terminated.

30. It is clear that Defendant terminated Plaintiff's employment, in whole or in part, because she complained regarding the non-payment of minimum wages at Defendant's establishment.

31. Defendant has discriminated and retaliated against Plaintiff because she complained about Defendant's unlawful pay practices, in violation of 29 U.S.C. §215(a)(3).

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

33. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment for Plaintiff and against Defendant for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## COUNT II
## RECOVERY OF MINIMUM WAGE COMPENSATION

34.     Plaintiff re-alleges paragraphs 1 through 21, and 27 of the Complaint as if fully set forth herein.

35.     Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendant.

36.     Defendant paid Plaintiff only the minimum wage applicable to tipped employees for all hours of work, even though she spent significant time, and at times entire days, performing non-tipped work.

37.     Defendant failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendant performing significant schedules of non-tipped work.

38.     Because Plaintiff was paid the tipped minimum wage for all hours, Defendant's use of the tip credit during significant hours of non-tipped work necessarily resulted in Plaintiff's wages for each workweek falling below the minimum wage.

39.     As a result of Defendant's actions in this regard, Plaintiff has not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendant.

40.     Defendant had specific knowledge that it was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

41.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the lawful minimum wage when it knew, or should have known, such was, and is, due.

42.     Upon information and belief, at all times material hereto, Defendant failed, and continues to fail, to maintain proper time and pay records as mandated by the

FLSA.

43. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost minimum wages for one or more weeks of work contrary to 29 U.S.C. §206.

45. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 4th day of August, 2016.

Respectfully Submitted,

Angeli Murthy, Esquire
FBN: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*