# SETTLEMENT AGREEMENT AND
# MUTUAL GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release (hereinafter the "Agreement") is entered into by and between Plaintiff, **BEVERLY ADKINS** ("Plaintiff"), and Defendant, **JIMMY JOHN'S OF ESTERO, INC.**, a Florida Profit Corporation ("Defendant").

WHEREAS, Plaintiff filed a lawsuit alleging claims against Defendant in the United States District Court, Middle District of Florida, for alleged violations of the Fair Labor Standards Act; and

WHEREAS, Defendant has denied any violations of the Fair Labor Standards Act; and

WHEREAS, the parties prefer to avoid the uncertainties and continued expense of litigation;

NOW, THEREFORE, in full consideration of the mutual promises and covenants contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties, Plaintiff and Defendant, agree as follows:

1. The parties desire to reach a full and final settlement and resolution of all past and present claims, controversies and disputes that Plaintiff has or may have against Defendant and its parents and predecessors, affiliates, subsidiaries, related companies, owners, officers, directors, partners, employees or agents, in their individual or representative capacities (hereafter collectively the "Released Parties"), or that Defendant may have against Plaintiff, related in any way to Plaintiff's former employment with the Defendant as of the date of this Agreement, including all claims alleged in this matter or any other matter, as well as any allegations that Plaintiff is owed any wages, compensation, penalties, contractual amounts, or other monies, or any other claims that relate in any way to Plaintiff's former employment with Defendant as of the date of this Agreement.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.    To settle and release any and all claims which Plaintiff has against Defendant, including but not limited to claims related to Plaintiff's claim for unpaid wages which arose or may have arisen prior to the date of execution of this agreement and to dismiss, with prejudice, the case she has filed in the U.S. District Court, Middle District of Florida, Fort Myers Division, Case No. 2:16-cv-617-FtM-38MRM (the "Lawsuit");

    B.    To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any

1

    violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff;

C.  That Plaintiff accepts the amounts set forth below as a reasonable compromise of her claim for compensation for any unpaid wages she is allegedly owed for the period of her employment with Defendant as well as a reasonable compromise of Plaintiff's claim against Defendant for alleged violations of 29 U.S.C. § 207; and

D.  To file a joint motion for approval of this Settlement Agreement in the Lawsuit, and in that motion to seek dismissal of the Lawsuit with prejudice.

  3.  For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees to pay Plaintiff the total consideration of FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500.00). Of the settlement proceeds, Plaintiff will receive a total of ONE THOUSAND DOLLARS ($1,000.00), representing wages and liquidated damages. Plaintiff's counsel will receive THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) representing attorneys' fees and costs incurred on Plaintiff's behalf. ***Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel for representing her interests in this matter.***

  **Under this agreement, each payment shall be made as follows:**

A.  Within fourteen (14) days of Defendant's counsel's receipt by email or facsimile of the settlement agreement signed by Plaintiff: One check payable to BEVERLY ADKINS in the amount of $500.00 for wages, less applicable taxes and withholdings, to be reported on an IRS Form W-2;

B.  Within fourteen (14) days of Defendant's counsel's receipt by email or facsimile of the settlement agreement signed by Plaintiff: One check payable to BEVERLY ADKINS in the amount of $500.00 for liquidated damages, to be reported on an IRS Form 1099 as "other income;"

C.  Within fourteen (14) days of Defendant's counsel's receipt by email or facsimile of the settlement agreement signed by Plaintiff: One check payable to Morgan & Morgan, P.A. in the amount of $500.00 to be reported on an IRS Form1099;

D.  By April 20, 2017: One check payable to Morgan & Morgan, P.A. in the amount of $1,000.00 to be reported on a Form-1099;

E.  By May 20, 2017: One check payable to Morgan & Morgan, P.A. in the amount of $1,000.00 to be reported on a Form-1099; and

F.  By June 20, 2017: One check payable to Morgan & Morgan, P.A. in the amount of $1,000.00 to be reported on a Form-1099.

4. Plaintiff shall return an executed copy of this Agreement by email to counsel for Defendant, Adam Stevens, astevens@your-advocates.org. Defendant agrees that each payment described in Paragraph 3 above, must be sent so that it is **received by** Plaintiff's counsel (c/o Angeli Murthy, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Road, Ste. 400, Plantation, Florida, 33324) on or before the due date of each payment.

5. **Mutual General Release of Claims**.

a. Defendant knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, known and unknown, which Defendant has or may have as of the date of execution of this Agreement. Defendant's release of Plaintiff is intended to be, and is, broad as the release of Defendant in paragraph 5(b) below.

b. Plaintiff knowingly and voluntarily releases and forever discharges Defendant, its parents, predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and its directors, officers, shareholders, members, employees -- including, but not limited to, agents, insurers and attorneys of and from any and all claims, known and unknown, which Plaintiff has or may have as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Labor Management Relations Act of 1947;
- The Employee Retirement Income Security Act of 1973;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Civil Rights Act of 1866;
- The Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Age Discrimination in Employment Act of 1967;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Americans with Disabilities Act of 1990;
- The Fair Labor Standards Act;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- The Florida Civil Rights Act of 1992;
- The Florida Equal Pay Act, § 725.07, *Florida Statutes;*
- Equal Pay Act of 1963;
- The Florida Whistleblower Act, § 448.102, *et seq., Florida Statutes*;
- Florida's Wage Rate Provision, § 448.07, *Florida Statutes*;
- Florida's Attorneys' Fees Provision for Successful Litigants in Suits for Unpaid Wages, § 448.08, *Florida Statutes*;
- The Rehabilitation Act of 1973;
- The Health Maintenance Organization Act of 1973;
- The Immigration Reform and Control Act of 1986;
- Executive Order 11141;
- Executive Order 11246;

- Executive Order 11375;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters

each as amended, and any other federal, state or local civil or human rights law, or any other local, state or federal law, rule, regulation or ordinance, and/or public policy, contract, or tort or common law claim, including, but not limited to, any claims for defamation, negligent misrepresentation and/or breach of contract, having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions (including compensation and benefits) of Plaintiff's employment with Defendant and this action, which she has or may have as of the date of this Agreement. However, the Parties acknowledge and agree that this release does not cover, and specifically excludes, claims under the Florida Workers' Compensation Act.

6. Within ten (10) days of Plaintiff's execution of this Agreement, the parties agree that Defendant will also execute the Agreement, and that the Parties will file an agreed Joint Motion for Approval of Settlement, and to request that the Court dismiss the action with prejudice.

7. In the event that Plaintiff or Defendant commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

8. Plaintiff acknowledges and agrees that with the payment of the amounts stated in Paragraph 3, she has been reasonably compensated for all wages and liquidated damages potentially owed to her under the Fair Labor Standards Act, as well as all attorneys' fees incurred to date, after being provided full and fair opportunity to review all relevant pay and time records. Defendant denies that any monies are owed to Plaintiff, and is offering this amount that Plaintiff considers full compensation for wages, liquidated damages, and attorneys' fees, solely to avoid the costs of litigation.

9. Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein

provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendant.

11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

12. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

13. The parties agree that this Agreement was entered into in the State of Florida, and shall be construed and enforced in accordance with the laws of the State of Florida. In the event that any party is forced to institute legal proceedings for breach of the terms of this Agreement, it is specifically understood and agreed that any such legal proceeding must be brought exclusively in the federal or state courts servicing Florida. This Agreement may be introduced into evidence to establish and enforce the settlement reached by the parties, and the parties agree that this Agreement shall be submitted for Court approval.

14. The law governing this Agreement shall be that of the United States and the State of Florida.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Agreement:

DATE: 3|9|17                    Signature:

                                _____
                                **BEVERLY ADKINS**

DATE:_____                  Signature:

                                _____
                                **JIMMY JOHN'S OF ESTERO, INC.**

                                BY:_____

5

provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendant.

11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

12. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

13. The parties agree that this Agreement was entered into in the State of Florida, and shall be construed and enforced in accordance with the laws of the State of Florida. In the event that any party is forced to institute legal proceedings for breach of the terms of this Agreement, it is specifically understood and agreed that any such legal proceeding must be brought exclusively in the federal or state courts servicing Florida. This Agreement may be introduced into evidence to establish and enforce the settlement reached by the parties, and the parties agree that this Agreement shall be submitted for Court approval.

14. The law governing this Agreement shall be that of the United States and the State of Florida.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Agreement:

DATE: 3/6/17                Signature: _____
                                       **BEVERLY ADKINS**

DATE: 3/6/17                Signature: *[signature]*
                                       **JIMMY JOHN'S OF ESTERO, INC.**
                                       BY: Zack Eaton

5