UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BEVERLY ADKINS,

    Plaintiff,

v.                                                Case No:   2:16-cv-617-FtM-38MRM

JIMMY JOHN'S OF ESTERO, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice (Doc. 31) and the Settlement Agreement and Mutual General Release of Claims (Doc. 31-1) filed on March 13, 2017.  The parties request that this Court approve the parties' settlement of their Fair Labor Standards Act ("FLSA") claims.  After review of the parties' submissions, the Court cannot recommend approval of the proposed Settlement Agreement as it currently stands.

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.  *Id*. at 1353.  The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages.  *Id.*  When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

Here, the inclusion of a Mutual General Release in the proposed Settlement Agreement precludes a finding of fairness and reasonableness for two reasons.  (*See* Doc. 31-1).

First, the language in the Joint Motion conflicts with the language in the Settlement Agreement concerning the consideration, if any, paid to Plaintiff for the Mutual General Release and nowhere do the parties actually specify the amount of consideration to be paid for the Mutual General Release.  The Joint Motion states that the terms of the settlement include the payment of $1,000.00 to Plaintiff Beverly Adkins in consideration for her alleged unpaid minimum wages and liquidated damages, "as well as consideration for a general release."  (Doc. 31 at ¶ 5; *see also id.* at ¶ 4).  The Joint Motion suggests, therefore, that consideration for the Mutual General Release is included within and comingled with the $1,000.00 payment to the Plaintiff.  (*Id.*).  Yet, the language in the underlying Settlement Agreement provides only that:  "Of the settlement proceeds, Plaintiff will receive a total of ONE THOUSAND DOLLARS ($1,000.00), *representing wages and liquidated damages*."  (Doc. 31-1 at ¶ 3) (emphasis added).  On the face of the Settlement Agreement, there is no consideration specifically allocated to the Mutual General Release separate and apart from Plaintiff's wages and liquidated damages claims.  Thus, the language of the Settlement Agreement does not appear to support the representation in the

Joint Motion that the $1,000.00 payment to Plaintiff includes specific consideration for the Mutual General Release.  (Doc. 31 at ¶ 5).  The Court cannot reconcile this discrepancy and, therefore, cannot (1) find that the proposed settlement is fair and reasonable, or (2) recommend that the Settlement Agreement be approved as it is currently written.

Second, the scope of the purported Mutual General Release is so facially broad that without more information concerning the amount of consideration to be paid in exchange for the release from Plaintiff, the Court cannot determine whether the release is fair and reasonable.  The *Lynn's Food* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, *including* foregone or released claims.  *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).  The valuation of unknown claims is a "fundamental impediment" to a fairness determination.  *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010).  Moreover, the mutuality of a general release does not resolve the issue because the reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *Id.* at *4.

Here, Defendant provided a broad release to Plaintiff that includes "all claims, known and unknown, which Defendant has or may have as of the date of execution of this Agreement." (Doc. 31-1 at ¶ 5(a)).  The release language also states that Defendant's release of Plaintiff is "intended to be, and is, broad [sic] as the release of Defendant in paragraph 5(b) below."  (*See id.* at ¶ 5(a)).  Paragraph 5(b) sets forth the Plaintiff's release of Defendant and includes a lengthy enumerated list of potential claims that includes, but is certainly not limited to, FLSA claims. (*See id.* at ¶ 5(b)).  Plaintiff's release of the Defendant includes "any and all claims, known and unknown, which Plaintiff has or may have as of the date of execution of this Agreement, including, but not limited to," the lengthy enumerated list of potential claims that goes far

beyond FLSA claims.  (*See id.*).

The only explanation the parties offer as to the value of the Mutual General Release is the following paragraph of the Joint Motion:

> Specifically, in exchange for Plaintiff's general release of claims, Defendant is also providing Plaintiff with a reciprocal general release.  The general release is important to each party to ensure that there will not be future litigation on events arising prior to approval, including claims that Defendant may have against Plaintiff.

(Doc. 31 at ¶ 3).  This explanation is not sufficient for the Court to determine the value of the General Release for either Plaintiff or Defendant.  *See Shearer*, 2015 WL 2402450, at *3-4.

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food* as to the fairness and reasonableness of the proposed Settlement Agreement. Although the other terms of the Settlement Agreement appear fair and reasonable, the problems noted above preclude approval of the current Settlement Agreement.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice (Doc. 31) be **DENIED** without prejudice; and

2) The parties be ordered to elect one of the following options **no later than April 28, 2017**:[2]

   a. File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein; or

   b. File a Case Management Report so this case may proceed.

---

[2] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

4

Respectfully recommended in Chambers in Ft. Myers, Florida on March 15, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties